T.C. Summary Opinion 2003-128

UNITED STATES TAX COURT

DONALD W. AND MARY ELLEN KLOPMAN MARTINEZ, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6970-02S.          Filed September 12, 2003.

Donald W. Martinez, pro se.

Michelle M. Lippert and Dennis G. Driscoll, for respondent.

GOLDBERG, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioners' Federal income tax of $3,008 for the taxable year 1999.

The issue for decision is whether petitioners are entitled to three dependency exemption deductions and a child tax credit for the year in issue.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioners resided in Brunswick, Ohio, on the date the petition was filed in this case.

Petitioner husband (petitioner) previously was married to Tammy Martinez (Ms. Martinez). Petitioner and Ms. Martinez, who have three children--Melissa Martinez, Jennifer Martinez, and Brian Martinez--were divorced in 1993. Under the terms of the Judgement Entry in the divorce, Ms. Martinez was to be the "residential parent". During the year in issue, Ms. Martinez was the custodial parent of all three children, who resided with her in Virginia. Petitioners resided in Ohio.

On their joint Federal income tax return for 1999, petitioners claimed a dependency exemption deduction for each of petitioner's three children. There was no written declaration attached to the return releasing Ms. Martinez's claim to the dependency exemption deductions. Petitioners also claimed a child tax credit with respect to two of the children. In the

statutory notice of deficiency, respondent disallowed each of the dependency exemption deductions and the child tax credit in full.

A deduction generally is allowed under section 151(a) for each dependent of a taxpayer. Sec. 151(a), (c)(1). Subject to exceptions and limitations not applicable here, a child of a taxpayer is a dependent of the taxpayer only if the taxpayer provides over half of the child's support for the taxable year. Sec. 152(a). A special rule applies to taxpayer-parents (a) who are divorced, who are separated, or who live apart from their spouses for at least the last 6 months of the calendar year, and (b) whose child is in the custody of one or both parents for more than half of the year. Sec. 152(e)(1). Under this rule, the parent with custody of the child for the greater portion of the year (the "custodial parent") generally is treated as having provided over half of the child's support, regardless of which parent actually provided the support. Id. One exception to this special rule exists which may entitle the noncustodial parent to the dependency exemption deduction. Sec. 152(e)(2). For the exception to apply, the custodial parent must sign a written declaration releasing his or her claim to the deduction, and the noncustodial parent must attach the declaration to his or her tax return. Id.

In addition to the deduction under section 151(a), a credit generally is allowed to a taxpayer for each qualifying child of

the taxpayer. Sec. 24(a). Among other requirements, a qualifying child is an individual for whom the taxpayer is allowed a dependency exemption deduction under section 151. Sec. 24(c)(1)(A).

Petitioners admit that petitioner was the noncustodial parent during the year in issue. Because petitioners did not attach to their return a written declaration signed by Ms. Martinez, petitioners are not entitled to the dependency exemption deductions. Secs. 151 and 152. We note that we do not question petitioner's support of his children; whether or not he supported them, the declaration must be attached to the return. Sec. 152(e)(2)(B). Likewise, even if Ms. Martinez signed a written declaration prior to the year in issue--as petitioners argue--they are not entitled to the deductions in the year in issue when the declaration was not attached to the return. Id.

Because petitioners are not entitled to the dependency exemption deductions, they also are not entitled to the child tax credit. Sec. 24(c)(1)(A).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.